JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MONICA MANEIRO and AMAURIS BAUTISTA,   )  13 CV 2599
                                       )  COMPLAINT
                                       )
                    Plaintiffs,        )
                                       )  JURY TRIAL DEMANDED
     -against-                         )
                                       )
THE CITY OF NEW YORK; NEW YORK CITY    )
POLICE DETECTIVE ROLAND GUTIERREZ,     )
Shield No. 6283; JOHN DOES and RICHARD )
ROES,                                  )
                                       )
                    Defendants.        )
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This is a civil action in which the plaintiffs, MONICA MANEIRO and AMAURIS BAUTISTA, seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.  This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.  The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs each filed timely Notices of Claim with the Comptroller of the City of New York on January 24, 2012, within 90 days of their arrests and the accompanying police misconduct complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiffs at all times relevant herein were residents of the State of New York, County of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE DETECTIVE ROLAND GUTIERREZ and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants GUTIERREZ and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants GUTIERREZ and JOHN DOES are sued individually and in their official capacity.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging

3

in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     Plaintiffs MONICA MANEIRO and AMAURIS BAUTISTA are husband and wife, and lived in January 2012 together at Plaintiff MONICA MANEIRO's mother's apartment at 235 W. 109th Street, # 6A, New York, NY.

12.     On January 19, 2012, approximately 7:00 p.m., JOHN DOES members of the NYPD, including a Defendant DETECTIVE ROLAND GUTIERREZ, illegally entered and searched Plaintiffs' home.

13.     Neither of Plaintiffs MONICA MANEIRO or AMAURIS BAUTISTA was at home on January 19, 2012 when the police entered their home.

14.     Plaintiffs' then 1 ½ month old son was in the apartment when the police conducted their illegal search on January 19, 2012, as were Plaintiff MONICA MANEIRO's mother, niece, and nephew (who were 4 and 8 years old, respectively, at the time).

15.     The officers went room to room throughout the apartment, frightening the children, and causing them to cry.

16.     The officers were looking for Plaintiff AMAURIS BAUTISTA, and asked, in sum and substance, where he kept his gun.

17.     Neither of the Plaintiffs, nor anyone else in the apartment, kept a gun.

18.     Plaintiff MONICA MANEIRO's mother called her to say that the police were in the apartment looking for Plaintiff AMAURIS BAUTISTA, and MONICA MANEIRO came home (she was close by in the neighborhood).

4

19. By the time Plaintiff MONICA MANEIRO got back to the apartment building, the officers had already exited Plaintiffs' apartment, but were still in the building.

20. Plaintiff MONICA MANEIRO spoke with the officers, and told them that she had heard that they were looking for Plaintiff AMAURIS BAUTISTA.

21. The officers told her, in sum and substance, that it was none of her business, but that Plaintiff AMAURIS BAUTISTA needed to come to the police precinct.

22. On information and belief, no search warrant existed for the search of Plaintiffs' home on January 19, 2012.

23. Neither Plaintiff MONICA MANEIRO, nor anyone else, consented to the search of Plaintiffs' home on January 19, 2012.

24. That evening Defendant DETECTIVE ROLAND GUTIERREZ called Plaintiff MONICA MANEIRO and told her that he needed to speak with Plaintiff AMAURIS BAUTISTA.

25. Plaintiff AMAURIS BAUTISTA called Defendant DETECTIVE ROLAND GUTIERREZ and they agreed that he would go to the precinct at noon the following day.

26. Plaintiff AMAURIS BAUTISTA did not know, and did not ask, what Defendant DETECTIVE ROLAND GUTIERREZ wanted to speak with him about.

27. On information and belief, there was no arrest warrant out for Plaintiff AMAURIS BAUTISTA.

28. The following day, January 20, 2012 approximately 1:30 p.m., JOHN DOES members of the NYPD, including Defendant DETECTIVE ROLAND GUTIERREZ, returned to Plaintiffs' home and again illegally entered it, and illegally seized and searched the contents of

5

Plaintiff MONICA MANEIRO's cellular telephone.

29.  Plaintiffs' then 1 ½ month old son was in the apartment when the police conducted their illegal search on January 20, 2012, as were Plaintiff MONICA MANEIRO, and Plaintiff MONICA MANEIRO's mother, niece, and nephew (who were 4 and 8 years old, respectively, at the time).

30.  On information and belief, the JOHN DOES members of the NYPD, including Defendant DETECTIVE ROLAND GUTIERREZ, called people whose telephone numbers were stored on Plaintiff MONICA MANEIRO's phone, without her consent.

31.  On information and belief, no search warrant existed at the time the search was conducted for either the search of Plaintiffs' home on January 20, 2012, or for the search or seizure of Plaintiff MONICA MANEIRO's phone, or for the calling of people whose telephone numbers were stored on Plaintiff MONICA MANEIRO's phone.

32.  Neither Plaintiff MONICA MANEIRO, nor anyone else, consented to the search of Plaintiffs' home on January 20, 2012, or to the search or seizure of Plaintiff MONICA MANEIRO's phone, or for the calling of people whose telephone numbers were stored on Plaintiff MONICA MANEIRO's phone.

33.  Defendant DETECTIVE ROLAND GUTIERREZ told Plaintiff MONICA MANEIRO that she needed to go with him to the NYPD 24th Precinct.

34.  Plaintiff MONICA MANEIRO felt that she had no choice but to obey Defendant DETECTIVE ROLAND GUTIERREZ, and went with him to the precinct.

35.  Defendant DETECTIVE ROLAND GUTIERREZ and two JOHN DOES officers placed Plaintiff MONICA MANEIRO in the back of an unmarked police car, and drove her to the

precinct.

36.     At the 24th Precinct Defendant DETECTIVE ROLAND GUTIERREZ told Plaintiff MONICA MANEIRO that if she did not (falsely) say that Plaintiff AMAURIS BAUTISTA had had her cell phone on an earlier day in connection with some sort of robbery (about which she had no knowledge) then she would be arrested.

37.     On information and belief, Defendant DETECTIVE ROLAND GUTIERREZ wanted Plaintiff MONICA MANEIRO to lie and say that Plaintiff AMAURIS BAUTISTA had had the phone in order to try to frame him in connection with the robbery of Plaintiff MONICA MANEIRO's sister's ex-boyfriend.

38.     Plaintiff MONICA MANEIRO refused to lie, and was formally arrested by Defendant DETECTIVE ROLAND GUTIERREZ, without cause or justification.

39.     On information and belief, no arrest warrant existed for Plaintiff MONICA MANEIRO's arrest.

40.     Plaintiff MONICA MANEIRO was held in police custody at the 24th Precinct, and at the Central Booking facility at 100 Centre Street.

41.     Plaintiff MONICA MANEIRO was released from custody on Saturday, January 21, 2012, at approximately 9 p.m., when the District Attorney's office declined to prosecute her.

42.     Plaintiff MONICA MANEIRO's phone has never been returned to her – a warrant for its search and seizure was obtained on January 24, 2012, subsequent to its initial search and seizure, and subsequent to the calling of people by the police whose telephone numbers were stored on the phone, and the phone is presently in the custody of the New York County District Attorney's office.

43. On January 20, 2012, approximately 4:00 p.m., Plaintiff AMAURIS BAUTISTA, having heard about the arrest of Plaintiff MONICA MANEIRO, came to the 24th Precinct.

44. Plaintiff AMAURIS BAUTISTA was also illegally arrested at the NYPD 24th Precinct by JOHN DOES members of the NYPD, including Defendant DETECTIVE ROLAND GUTIERREZ.

45. Defendant DETECTIVE ROLAND GUTIERREZ questioned Plaintiff AMAURIS BAUTISTA about his activities on a prior day, which Plaintiff AMAURIS BAUTISTA explained to him.

46. Defendant DETECTIVE ROLAND GUTIERREZ wrote information that Plaintiff AMAURIS BAUTISTA explained to him down on a piece of paper, and asked Plaintiff AMAURIS BAUTISTA to sign it.

47. Plaintiff AMAURIS BAUTISTA signed the document.

48. After Plaintiff AMAURIS BAUTISTA signed the document, Defendant DETECTIVE ROLAND GUTIERREZ continued to write on the paper.

49. Plaintiff AMAURIS BAUTISTA objected to this, but Defendant DETECTIVE ROLAND GUTIERREZ would not let Plaintiff AMAURIS BAUTISTA see the further writing he had added to the document.

50. Plaintiff AMAURIS BAUTISTA was held in police custody at the 24th Precinct, 28th Precinct, and at the Central Booking facility at 100 Centre Street.

51. Plaintiff AMAURIS BAUTISTA was released from custody on Saturday, January 21, 2012, at approximately 10 p.m., when the District Attorney's office declined to prosecute him.

52. After her release from custody, Plaintiff MONICA MANEIRO went back to the 24th Precinct to try to retrieve her phone.

53. A JOHN DOE officer at the precinct refused to return Plaintiff MONICA MANEIRO's phone to her.

54. Plaintiff MONICA MANEIRO was never provided with a voucher for her phone by the police.

55. During her time in custody Plaintiff MONICA MANEIRO was subjected to excessively tight handcuffing.

56. Plaintiff MONICA MANEIRO asked a number of JOHN DOES police officers, including Defendant DETECTIVE ROLAND GUTIERREZ, to loosen her handcuffs, but her requests were ignored.

57. Defendant DETECTIVE ROLAND GUTIERREZ told Plaintiff MONICA MANEIRO, in sum and substance, that he had purposely delayed the processing of her arrest paperwork, in order to purposely delay her from being arraigned and to purposely extend her time in custody.

58. Defendant DETECTIVE ROLAND GUTIERREZ's behavior and words toward Plaintiff MONICA MANEIRO was so abusive that another JOHN DOE officer told Plaintiff MONICA MANEIRO, in Spanish, that Defendant DETECTIVE ROLAND GUTIERREZ was "an animal."

59. Defendant DETECTIVE ROLAND GUTIERREZ does not speak Spanish well.

60. Neither of Plaintiffs MONICA MANEIRO or AMAURIS BAUTISTA had any involvement with the commission of any robbery concerning which they were purportedly

arrested, and there was not probable cause to believe that either of them were so involved.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

61. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. By their conduct and actions in unlawfully entering and searching the home and property of, falsely arresting and imprisoning, abusing process against, assaulting and battering, violating the rights to equal protection of law of, violating the rights to due process of, unlawfully searching and seizing the property of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and /or evidence with regard to, Plaintiffs, Defendants GUTIERREZ and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

63. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

64. The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

65. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

66. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

67. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

69. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their

need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

70.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

71.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

72.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

74. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

75. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

76. By the actions described above, defendants did inflict assault and battery upon plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST and FALSE IMPRISONMENT

78. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

79. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiffs, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and

common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

82. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

### CONVERSION

84. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

85. Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiffs' right of possession in their property, and/or in exercising unauthorized

14

possession and/or ownership over plaintiffs' property, defendants wrongfully converted plaintiffs' property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

86.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

## ABUSE OF PROCESS

87.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

88.     By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

89.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENCE

90. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

91. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

92. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

93. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

94. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the individual defendants. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

95. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

96. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

97. By the actions described above, defendants violated plaintiffs' rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

99. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

100. Defendants, acting under color of law, violated Plaintiffs' rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

101. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiffs' rights under those sections.

102. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           April 19, 2013

/s/ JEFFREY A. ROTHMAN, Esq.
Law Office of Jeffrey A. Rothman
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiffs